Theodore S. Maceiko (SBN 150,211)
ted@maceikoip.com
MACEIKO IP
3770 Highland Avenue, Suite 207
Manhattan Beach, California 90266
Telephone:  (310) 545-3311
Facsimile:  (310) 545-3344

Attorneys for Plaintiff
Mad Dogg Athletics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAD DOGG ATHLETICS, INC., a California corporation, | Case No. _____ |
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT |
| v. | |
| PARADIGM HEALTH & WELLNESS, INC., a California corporation d/b/a EXERPEUTIC FITNESS, | |
| Defendant. | |

Plaintiff, Mad Dogg Athletics, Inc. ("Mad Dogg"), files this Complaint against defendant Paradigm Health & Wellness, Inc. d/b/a Exerpeutic Fitness ("Exerpeutic"), and demanding a trial by jury, alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for patent infringement, which arises under the patent laws of the United States, Title 35, United States Code.  This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2.    Venue is proper under 28 U.S.C. §§ 1391(b)-(c), as well as 28 U.S.C. § 1400(b).

**THE PARTIES**

3.     Mad Dogg is a corporation incorporated under the laws of the State of California and is located and doing business at 2111 Narcissus Court, Venice, California 90291.

4.     Upon information and belief, Exerpeutic is a corporation incorporated under the laws of the State of California and has its principal place of business at 1189 Jellick Avenue, City of Industry, California 91748.  Exerpeutic does business in this judicial district and a substantial part of the events giving rise to the claims herein occurred in this district.

**BACKGROUND FACTS**

5.     Mad Dogg is the worldwide leader in indoor cycling and the sale of indoor cycles.  Specifically, Mad Dogg distributes the world famous and revolutionary SPINNING® indoor cycling program and line of patented SPINNER® bikes.  Throughout this judicial district, throughout the United States and in over 80 countries throughout the world, the patented SPINNER® bikes are ridden by participants in SPINNING® indoor cycling classes, where an authorized instructor leads the participants through a group ride in which different riding positions, hand positions, cadences and/or resistances are used to simulate different bicycle riding conditions.  SPINNER® bikes are also used by individuals riding by themselves, for example, in their home.

6.     Mad Dogg owns a number of patents covering its SPINNER® bikes and use thereof.  Since the 1990s, Mad Dogg and its licensees have distributed hundreds of thousands of authentic SPINNER® bikes to the commercial market including institutional users such as health clubs, gyms and other commercial fitness centers, as well as to the retail or consumer market, including the home user market.

7.     By virtue of its patented SPINNER® bikes and their use in connection with Mad Dogg's world-famous SPINNING® program, Mad Dogg created an

1    entirely new and revolutionary form of exercise that came to be known as indoor

2    cycling and that has achieved incredible commercial success.  Around the world,

3    there are over 200,000 licensed and certified SPINNING® indoor cycling

4    instructors teaching in over 40,000 fitness facilities which offer the SPINNING®

5    indoor cycling program.  Millions of people worldwide ride the patented

6    SPINNER® bikes and participate in the SPINNING® indoor cycling program.

7         8.     Given the commercial success of Mad Dogg's patented SPINNER®

8    bikes, many competitors have since entered the indoor cycling market in attempts to

9    capitalize on this success.  In doing so, these competitors have sold or otherwise

10    distributed various knockoff bikes that infringe Mad Dogg's patents.  Various

11    competitors have blatantly copied Mad Dogg's patented SPINNER® bikes.

12    Exerpeutic is one such infringer.  Exerpeutic has sold, offered for sale or otherwise

13    distributed indoor cycles that infringe Mad Dogg's patents.

14         9.     Mad Dogg has successfully enforced its patents against numerous

15    infringers, and Mad Dogg has obtained several judgments acknowledging the

16    validity, enforceability and infringement of its patents.  Most infringers have sought

17    to resolve their infringement rather than engage in protracted litigation.  One such

18    infringer, however, chose to initiate reexaminations of six of Mad Dogg's patents,

19    including several patents at issue in this litigation.  However, the Patent Office

20    concluded all six reexaminations in Mad Dogg's favor.  Accordingly, all the utility

21    patents now asserted by Mad Dogg against Exerpeutic in this action have already

22    been reexamined by the Patent Office.

23         10.     After the reexaminations were favorably concluded, Mad Dogg sued

24    that same infringer for infringement of the six utility patents that had been

25    reexamined as well as two design patents.  During the course of that action, the

26    defendant counterclaimed that the six utility patents were invalid and unenforceable

27    based on several documents that had been located.  However, that action was

28    ultimately settled, and a Consent Judgment and Permanent Injunction was entered

wherein the defendant acknowledged the validity and enforceability of Mad Dogg's utility and design patents.

## FIRST CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 6,155,958)

11.     Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

12.     On December 5, 2000, United States Patent No. 6,155,958 ("the '958 patent"), for an invention entitled "Stationary Exercise Bicycle Having A Rigid Frame," was duly and legally issued in the name of Johnny Goldberg.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

13.     Exerpeutic has notice of Mad Dogg's rights in the '958 patent.

14.     The '958 patent was reexamined by the Patent Office and the Patent Office confirmed the patentability of claims 1-4 of the '958 patent on February 19, 2013.  On April 9, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

15.     Copies of the '958 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 1**.

16.     Exerpeutic has infringed the '958 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include Exerpeutic's LX7 and LX9 bikes.  Upon information and belief, this infringement has included Exerpeutic's use of the foregoing bikes at trade shows and/or Exerpeutic's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

17.    Exerpeutic has also infringed the '958 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '958 patent.  Upon information and belief, this infringement has included Exerpeutic's distribution of LX7 and LX9 bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '958 patent.  Upon information and belief, this infringement has also occurred by Exerpeutic's sale of components, such as spare or replacement parts, that Exerpeutic knows are especially made for use with Exerpeutic's infringing LX7 and LX9 bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

18.    By reason of Exerpeutic's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '958 patent, in an amount yet to be determined.

19.    Exerpeutic's acts of infringement have caused irreparable harm to Mad Dogg.

20.    Exerpeutic's acts have been committed willfully and with knowledge of Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the trebling of damages.

## SECOND CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 6,468,185)

21.    Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

22.    On October 22, 2002, United States Patent No. 6,468,185 ("the '185 patent"), for an invention entitled "Stationary Exercise Bicycle," was duly and legally issued in the name of Johnny Goldberg.  The '185 patent was reexamined by the United States Patent Office which issued a reexamination certificate on May 24, 2011.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all

right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

23.    Exerpeutic has notice of Mad Dogg's rights in the '185 patent.

24.    The '185 patent was later reexamined by the Patent Office a second time and the Patent Office confirmed the patentability of all claims of the '185 reexamination certificate.  On May 2, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

25.    Copies of the '185 patent, the 2011 Reexamination Certificate and the 2013 *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 2**.

26.    Exerpeutic has infringed the '185 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include Exerpeutic's LX7 and LX9 bikes.  Upon information and belief, this infringement has included Exerpeutic's use of the foregoing bikes at trade shows and/or Exerpeutic's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

27.    Exerpeutic has also infringed the '185 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '185 patent.  Upon information and belief, this infringement has included Exerpeutic's distribution of LX7 and LX9 bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '185 patent.  Upon information and belief, this infringement has also occurred by Exerpeutic's sale of components, such as spare or replacement parts, that Exerpeutic's knows are especially made for use with Exerpeutic's infringing LX7 and LX9 bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

28.    By reason of Exerpeutic's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '185 patent, in an

1   amount yet to be determined.

2       29.   Exerpeutic's acts of infringement have caused irreparable harm to Mad

3   Dogg.

4       30.   Exerpeutic's acts have been committed willfully and with knowledge

5   of Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the

6   trebling of damages.

7                    **THIRD CAUSE OF ACTION**

8             **(Patent Infringement -- 35 U.S.C. § 271, et seq.)**

9               **(United States Patent No. 6,881,178)**

10      31.   Mad Dogg repeats and realleges all preceding paragraphs as if the

11   same were fully stated herein.

12      32.   On April 19, 2005, United States Patent No. 6,881,178 ("the '178

13   patent"), for an invention entitled "Method of Exercising on a Stationary Bicycle,"

14   was duly and legally issued in the name of Johnny Goldberg.  By virtue of proper

15   assignment, Mad Dogg has acquired and duly owns all right, title, and interest in

16   this patent, including the right to sue and recover for infringement thereof.

17      33.   Exerpeutic has notice of Mad Dogg's rights in the '178 patent.

18      34.   The '178 patent was later reexamined by the Patent Office and the

19   Patent Office confirmed the patentability of claims 1-13, 16 and 19 on February 6,

20   2013.  On May 15, 2013, the Patent Office issued an *Ex Parte* Reexamination

21   Certificate.

22      35.   Copies of the '178 patent and the *Ex Parte* Reexamination Certificate

23   are attached hereto as **Exhibit 3**.

24      36.   Exerpeutic has infringed the '178 patent by manufacturing, using,

25   offering to sell, selling, and/or importing infringing bikes, embodying one or more

26   of the inventions claimed therein within the United States.  Upon information and

27   belief, these infringing bikes include LX7 and LX9 bikes.  Upon information and

28   belief, this infringement has included Exerpeutic's use of the foregoing bikes at

                                - 7 -

trade shows and/or Exerpeutic's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

37.   Exerpeutic has also infringed the '178 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '178 patent.  Upon information and belief, this infringement has included Exerpeutic's distribution of LX7 and LX9 bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '178 patent.  Upon information and belief, this infringement has also occurred by Exerpeutic's sale of components, such as spare or replacement parts, that Exerpeutic knows are especially made for use with Exerpeutic's infringing LX7 and LX9 bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

38.   By reason of Exerpeutic's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '178 patent, in an amount yet to be determined.

39.   Exerpeutic's acts of infringement have caused irreparable harm to Mad Dogg.

40.   Exerpeutic's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and the resulting damage to Mad Dogg warrants the trebling of damages.

## FOURTH CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 7,455,627)

41.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

42.   On November 25, 2008, United States Patent No. 7,455,627 ("the '627 patent"), for an invention entitled "Stationary Exercise Bicycle," was duly and legally issued.  By virtue of proper assignment, Mad Dogg has acquired and duly

- 8 -

1    owns all right, title, and interest in this patent, including the right to sue and recover

2    for infringement thereof.

3       43.    Exerpeutic has notice of Mad Dogg's rights in the '627 patent.

4       44.    The '627 patent was later reexamined by the Patent Office and the

5    Patent Office confirmed the patentability of all claims of the '627 patent.  On

6    February 27, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

7       45.    Copies of the '627 patent and the *Ex Parte* Reexamination Certificate

8    are attached hereto as **Exhibit 4**.

9       46.    Exerpeutic has infringed the '627 patent by manufacturing, using,

10   offering to sell, selling, and/or importing infringing bikes, embodying one or more

11   of the inventions claimed therein within the United States.  Upon information and

12   belief, the infringing bikes include Exerpeutic's LX7 bikes.  Upon information and

13   belief, this infringement has included Exerpeutic's use of the foregoing bikes at

14   trade shows and/or Exerpeutic's sales of the foregoing bikes to retailers, gyms,

15   health clubs, consumers and/or end users.

16      47.    Exerpeutic has also infringed the '627 patent by supplying infringing

17   bikes to others to use, thereby inducing and/or contributing to the infringement of

18   the '627 patent.  Upon information and belief, this infringement has included

19   Exerpeutic's distribution of LX7 bikes to retailers, gyms, health clubs, consumers

20   and/or end users with the intention that such third parties use these bikes to infringe

21   the '627 patent.  Upon information and belief, this infringement has also occurred

22   by Exerpeutic's sale of components, such as spare or replacement parts, that

23   Exerpeutic knows are especially made for use with Exerpeutic's infringing LX7

24   bikes and that are not staple articles or commodities of commerce suitable for

25   substantial noninfringing use.

26      48.    By reason of Exerpeutic's acts of infringement, Mad Dogg has

27   suffered damages, including impairment of the value of the '627 patent, in an

28   amount yet to be determined.

49.     Exerpeutic's acts of infringement have caused irreparable harm to Mad Dogg.

50.     Exerpeutic's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and the resulting damage to Mad Dogg warrants the trebling of damages.

## FIFTH CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. 8,057,364)

51.     Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

52.     On November 15, 2011, United States Patent No. 8,057,364 ("the '364 patent"), for an invention entitled "Stationary Exercise Bicycle Having A Rigid Frame," was duly and legally issued in the name of Johnny Goldberg.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.

53.     Exerpeutic has notice of Mad Dogg's rights in the '364 patent.

54.     The '364 patent was later reexamined by the Patent Office and the Patent Office confirmed the patentability of claims 1-12 and 15-17 on February 2013.  On May 17, 2013, the Patent Office issued an *Ex Parte* Reexamination Certificate.

55.     Copies of the '364 patent and the *Ex Parte* Reexamination Certificate are attached hereto as **Exhibit 5**.

56.     Exerpeutic has infringed the '364 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying one or more of the inventions claimed therein within the United States.  Upon information and belief, these infringing bikes include Exerpeutic's LX7 and LX9 bikes.  Upon

- 10 -

information and belief, this infringement has included Exerpeutic's use of the foregoing bikes at trade shows and/or Exerpeutic's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

57.   Exerpeutic's has also infringed the '364 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the '364 patent.  Upon information and belief, this infringement has included Exerpeutic's distribution of LX7 and LX9 bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the '364 patent.  Upon information and belief, this infringement has also occurred by Exerpeutic's sale of components, such as spare or replacement parts, that Exerpeutic knows are especially made for use with Exerpeutic's infringing LX7 and LX9 bikes and that are not staple articles or commodities suitable for substantial noninfringing use.

58.   By reason of Exerpeutic's acts of infringement, Mad Dogg has suffered damages, including impairment of the value of the '364 patent, in an amount yet to be determined.

59.   Exerpeutic's acts of infringement have caused irreparable harm to Mad Dogg.

60.   Exerpeutic's acts have been committed willfully and with knowledge of Mad Dogg's patent rights, and the resulting damage to Mad Dogg warrants the trebling of damages.

**SIXTH CAUSE OF ACTION**

**(Patent Infringement -- 35 U.S.C. § 271, et seq.)**

**(United States Patent No. D473,274)**

61.   Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

62.   On April 13, 2003, United States Design Patent No. D473,274 ("the D274 patent"), for an invention entitled "Stationary Exercise Bicycle Frame", was

- 11 -

duly and legally issued in the names of John Baudhuin and Johnny Goldberg.  By virtue of proper assignment, Mad Dogg has acquired and duly owns all right title, and interest in this patent, including the right to sue and recover for infringement thereof.  A copy of the D274 patent is attached hereto as **Exhibit 6**.

63.  Exerpeutic has notice of Mad Dogg's rights in the D274 patent.

64.  Exerpeutic has infringed the D274 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying the invention claimed therein within the United States.  Upon information and belief, these infringing bikes include Exerpeutic's LX7 bikes.  Upon information and belief, this infringement has included Exerpeutic's use of the foregoing bikes at trade shows and/or Exerpeutic's sales of the foregoing bikes to retailers, gyms, health clubs, consumers and/or end users.

65.  Exerpeutic has also infringed the D274 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the D274 patent.  Upon information and belief, this infringement has included Exerpeutic's distribution of LX7 bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the D274 patent.  Upon information and belief, this infringement has also occurred by Exerpeutic's sale of components, such as spare or replacement parts, that Exerpeutic knows are especially made for use with Exerpeutic's infringing LX7 bikes and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Exerpeutic will continue to do so unless enjoined by this Court.

66.  By reason of Exerpeutic's acts of infringement, Mad Dogg has suffered and is suffering damages, including impairment of the value of the D274 patent, in an amount yet to be determined.  The resulting damage to Mad Dogg warrants the trebling of damages.

67.     Exerpeutic's acts of infringement are causing irreparable harm to Mad Dogg and will continue to cause harm unless enjoined by this Court.

68.     Exerpeutic's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment on the part of Exerpeutic in an amount yet to be determined.

## SEVENTH CAUSE OF ACTION

### (Patent Infringement -- 35 U.S.C. § 271, et seq.)

### (United States Patent No. D473,602)

69.     Mad Dogg repeats and realleges all preceding paragraphs as if the same were fully stated herein.

70.     On April 22, 2003, United States Design Patent No. D473,602 ("the D602 patent", for an invention entitled "stationary exercise bicycle", was duly and legally issued in the names of John Baudhuin and Johnny Goldberg.  By virtue of proper assignment Mad Dogg has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof.  A copy of the D602 patent is attached hereto as **Exhibit 7**.

71.     Exerpeutic has notice of Mad Dogg's rights in the D602 patent.

72.     Exerpeutic has infringed the D602 patent by manufacturing, using, offering to sell, selling, and/or importing infringing bikes, embodying the invention claimed therein with the United States.  Upon information and belief, these infringing bikes include Exerpeutic's LX7 bikes.  Upon information and belief, this infringement has included Exerpeutic's use of the foregoing bikes at trade shows and/or Exerpeutic's sale of the foregoing bikes to Exerpeutic's gyms, health clubs, consumers and/or end users.

73.     Exerpeutic has also infringed the D602 patent by supplying infringing bikes to others to use, thereby inducing and/or contributing to the infringement of the D602 patent.  Upon information and belief, this infringement has included

Exerpeutic's distribution of LX7 bikes to retailers, gyms, health clubs, consumers and/or end users with the intention that such third parties use these bikes to infringe the D602 patent.  Upon information and belief, this infringement has also occurred by Exerpeutic's sale of components, such as spare or replacement parts, that Exerpeutic knows are especially made for use with Exerpeutic's infringing LX7 bikes that are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Exerpeutic will continue to do so unless enjoined by this Court.

74.     By reason of Exerpeutic's acts of infringement, Mad Dogg has suffered and is suffering damages, including impairment of the value of the D602 patent, in an amount yet to be determined.  The resulting damages to Mad Dogg warrants the trebling of damages.

75.     Exerpeutic's acts of infringement are causing irreparable harm to Mad Dogg and will continue to cause irreparable harm unless enjoined by this Court.

76.     Exerpeutic's acts have been committed willfully and with knowledge of Mad Dogg's patent rights and have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment on the part of Exerpeutic, in an amount yet to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Mad Dogg respectfully demands judgment:

1.     That Exerpeutic, its officers, directors, agents, servants, employees, attorneys, confederates, and all persons and/or entities acting for, with, by, through, or in concert with them or any of them be enjoined preliminarily and permanently:

a.     from infringing the D274 patent, either directly or contributorily and from inducing others to infringe the D274 patent.

b.     from infringing the D602 patent, either directly or contributorily and from inducing others to infringe the D602 patent.

2.     That Exerpeutic be required to deliver up to the Court any and all stationary bicycles in their possession, custody, and/or control that infringe the D274 or D602 patents.

3.     That Exerpeutic be required to prepare and deliver to the Court a complete list of entities from whom Exerpeutic purchased, and to whom it distributed and/or sold, stationary bicycles that infringe the D274 or D602 patents, and to serve a copy of such list on Mad Dogg's attorneys.

4.     That Exerpeutic be required to deliver to the Court any and all documents reflecting or relating to the purchase, sale, and/or distribution of any stationary bicycles that infringe the D274 or D602 patents.

5.     That Exerpeutic, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Mad Dogg's attorneys a written report, under oath, setting forth in detail the manner in which Exerpeutic has complied with paragraphs 1-4, above.

6.     That Exerpeutic be required to account for and pay over to Mad Dogg cumulative damages sustained by Mad Dogg by reason of Exerpeutic's unlawful acts of patent infringement herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Mad Dogg under 35 U.S.C. § 284.

7.     That the present case be found exceptional and that Mad Dogg be awarded its costs and expenses in this action, together with pre-judgment and post-judgment interest and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

8.     That the Court grant Mad Dogg such other and further relief as it deems just and equitable to make Mad Dogg whole for the damage caused by Exerpeutic.

9.     That the Court retain jurisdiction of this action for the purpose of enabling Mad Dogg to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification

1    of any such order, for the enforcement or compliance therewith, and for the

2    punishment of any violations thereof.

3           10.    That Mad Dogg be awarded its reasonable costs and attorneys' fees.

4           11.    That Mad Dogg have such other and further relief as the Court may

5    deem equitable.

6    Dated:   August 12, 2014                 MACEIKO IP

7                                             By: _____

8

9                                                 Theodore S. Maceiko

10                                           Attorneys for Plaintiff
                                             MAD DOGG ATHLETICS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b) and Local Rule 38-1, Plaintiff Mad Dogg Athletics, Inc. hereby demands a trial by jury on all issues triable in this action.

Dated:   August 12, 2014

MACEIKO IP

By: _____
        Theodore S. Maceiko

Attorneys for Plaintiff
MAD DOGG ATHLETICS, INC.